IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SHIPE, II. #352269       \*
        Plaintiff,
      v.                  \*    CIVIL ACTION NO. DKC-12-561

MUMBY AND SIMMONS         \*
 MTC JAIL
 MRDCC JAIL                \*
        Defendant.
                             \*\*\*

## **MEMORANDUM OPINION**

I.      Procedural History

On February 20, 2012, the court received this 42 U.S.C. § 1983 complaint for damages from Michael Shipe, II ("Shipe"), an inmate currently housed at the Central Home Detention Unit in Baltimore, Maryland. Plaintiff contends that the contractor for dental care, Mumby and Simmons, allowed a dentist to "put a plate over 'root tips' causing added pain and infection." (Compl. at 4). He asks to have his dental problem fixed and to be paid $5,000.00 and attorney fees. (*Id.*) In a Supplemental Complaint, Shipe seemingly accuses Defendant of malpractice, claiming that he saw several dentists who elected to place a plate over the root tips instead of removing his root tips even though they are clearly visible and have caused him an infection. (ECF No. 6).

Defendant has filed a Motion to Dismiss and Plaintiff has filed Oppositions thereto. (ECF Nos. 14, 17, & 18). The matter is ready for consideration and may be determined without oral hearing. *See* Local Rule 105.6 (D. Md. 2011).

II.      Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), a court " 'must accept as true all of the factual allegations contained in the complaint,' " and must " 'draw all reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,*

637 F.3d 435, 440 (4th Cir. 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and *Nemet Chevrolet, Ltd. v. Consumerafairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009)).

A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007). A complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient under the Rule. *Id.* at 555. So, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citation omitted).

A motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). Moreover, in resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.,* 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied,* — U.S. —, 130 S.Ct. 1740, 176 L.Ed.2d 214 (2010).

III.    Discussion

    Facts

Defendant Mumby and Simmons argues that Shipe has, at best, set out a claim of dental malpractice, which is not actionable under § 1983. They assert that the alleged negligent failure to remove root tip fragments in the area of tooth #14 in the upper left quadrant of Shipe's mouth and to instead allow for the placement of a plate over the root tips fails to implicate this court's federal

question jurisdiction.[1] (ECF No. 14). In response, Shipe argues that the dismissal of his case would be exceeding unfair. He asserts that he has seen five different dentists, received eight different oral examinations, and had three different x-rays and that the placement of the plate on his root tips has caused an infection. (ECF No. 17). Shipe asserts that "no dentist who performs proper dentistry would put an upper plate on top of a 'root tip.'" He also claims that Defendant offered to extract existing root tips after the plate was already in his mouth, but he refused because he did not trust any prison dentist to "touch my mouth." (*Id*.). In his Supplemental Opposition, Shipe again accuses Defendant of malpractice, reiterating his claims surrounding the placement of the plate versus the removal of his root tips. (ECF No. 18).

Denial of dental care is considered a denial of medical care, which can constitute an Eighth Amendment violation when prison authorities are deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("'dental care is one of the most important medical needs of inmates.'") (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980). Plaintiff must prove two essential elements to support an Eighth Amendment claim. First, he must satisfy the "objective" component by illustrating a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).

---

[1] Defendant raises an administrative exhaustion argument, which will be rejected. In *Adamson v. Correctional Medical Services, Inc*., 359 Md. 238 (Md. 2000), the Court of Appeals of Maryland examined the legislative history of the Maryland Administrative Remedy Procedure ("ARP") grievance process and observed that it permitted a prisoner to submit a complaint for grievances against officials or employees of the Maryland DOC and Patuxent Institution through to the IGO. The state appellate court further noted that the IGO declines to hear prisoner grievances against private health care contractors. *Adamson*, 359 Md. 266-271. The Court of Appeals concluded that the Maryland prisoner administrative remedy process does not encompass complaints against private medical providers under contract with the state. This court has adopted the *Adamson* analysis and found that administrative exhaustion may not be raised as an affirmative defense by healthcare providers at Department of Public Safety and Correctional Services facilities. *See Calhoun v. Horning, et al.,* 2009 WL 2913418 (D. Md. 2009).

If this first element is satisfied, he must then prove the second subjective component of the Eighth Amendment standard by showing deliberate indifference on the part of prison officials or health care personnel. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Although a mere delay in needed dental care will not violate the Eighth Amendment, when the delay gives rise to a substantial risk of serious harm to an inmate, the requisite deliberate indifference to a serious medical need is found. *See Farrow v. West*, 320 F.3d 1235, 1243-44 (11th Cir. 2003) (need for dental care combined with the effects of not receiving it may give rise to an Eighth Amendment claim); *see also Boyd v. Knox*, 47 F.3d. 966, 969 (8th Cir. 1995) (delay in dental care coupled with knowledge of patient's pain can support Eighth Amendment claim). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment, however, do not state cognizable constitutional claims under the Eighth Amendment. *Estelle,* 429 U.S. 97, 105-06 (1976); *Miltier v. Beorn,* 896 F.2d 848, 851-52 (4th Cir. 1990); *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985).

     Based upon a review of the complaint and briefing, it is clear that Plaintiff's dental care (the insertion of a plate) was provided after he was examined by several dentists and given a number of x-rays. Shipe's disagreement with this course of treatment, claims of malpractice, and distrust of the dental care offered to him are not actionable under § 1983. He has failed to show that Defendant was otherwise indifferent to his dental needs.

4

IV. Conclusion

     For the aforementioned reasons, Defendant's Motion to Dismiss shall be granted. A separate Order follows.

Date:   November 5, 2012                              /s/
                                                              DEBORAH K. CHASANOW
                                                              United States District Judge